IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DEBORAH LISSIMORE, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-111-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, Disability Insurance Benefits and Supplemental Security Income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. ▪ 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. ▪ 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.   Whether the ALJ erred in failing to identify all of Claimant's severe impairments.

II.  Whether the ALJ erred in failing to comply with SSR 96-7p by ignoring witness statements.

3

### III. Whether the ALJ erred in failing to properly evaluate the opinions of Claimant's treating physicians.

### Administrative Proceedings

Claimant applied for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on March 20, 2002, alleging disability as of November 29, 2006, due to an eating disorder, depression, and chest pain. (Tr. 187; ECF No. 10.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on September 17, 2009, and following the hearing, the ALJ issued an unfavorable decision on December 4, 2009. (Tr. 22-31.) The Appeals Council ultimately denied Claimant's Request for Review on August 10, 2011. (Tr. 1-3.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 24.) The ALJ found that Claimant had major depressive order, anxiety disorder, eating disorder, and borderline personality disorder, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work with restrictions of no working around hazards, no climbing ladders, ropes or scaffolds, with all other postural activities limited to frequently, and limited to work

4

requiring only simple routine and repetitive tasks. (Tr. 25.) The ALJ determined that Claimant could not perform her past relevant work, but that there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.* at 30.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

I.   **Whether the ALJ erred in failing to identify all of Claimant's severe impairments.**

Claimant first argues that the ALJ erred in not finding that her post-traumatic stress disorder, angina, anemia, asthma, and reoccurring headaches were severe impairments. (Cl.'s Br. 4; ECF No. 12.) Claimant contends that the ALJ "selectively pick[ed] out bits of medical information negative to [Claimant's] claim, while either ignoring or discounting the majority of the supporting evidence." (*Id.* at 5.)

At step two of the sequential analysis, the claimant bears the burden of proving that she has a severe impairment or combination of impairments to demonstrate a qualifying disability. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (the regulations place "a very heavy burden" on the claimant to demonstrate that her impairment is severe). The Regulations state that a medically determinable impairment or combination of impairments is only determined to be "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). It is the job of the ALJ to determine whether an impairment is severe, that is, "whether it significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (citing 20

C.F.R. § 404.1520(c).  However, an ALJ is not required to find an impairment to be severe if he finds that the impact on the person's ability to perform work-related functions to be no more than minimal.  SSR 96-3p; 20 C.F.R. § 404.1521.

In this case, Claimant cited only an eating disorder, depression and chest pain as her disabling conditions.  (Tr. 187.)  At the hearing, Claimant's attorney questioned Claimant about her chest pain, eating disorder, and depression, as well as a new impairment, anemia, raised there for the first time.  (Tr. 54-64.)   There was no mention of post-traumatic stress disorder, asthma, or recurring headaches at the hearing.  (Tr. 45, 54-59, 61-63, 187, 240).

The Eleventh Circuit has held that where a claim of impairment is not presented at the time of the application for benefits and not offered at the hearing as a basis for disability, the ALJ is under no duty to consider it.  *Robinson v. Astrue*, 365 F. App'x 993, *3 (11th Cir. 2010) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)).  Further, where the Claimant is represented by counsel, the ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim.  *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005).  As noted, Claimant was represented by an attorney at her hearing.  Thus, as to her claim that the ALJ erred in not finding her post-traumatic stress disorder, asthma, and reoccurring headaches to be severe, Claimant's contention is without merit.

With regard to her claims of angina and anemia, the record reflects that Claimant failed to establish that these impairments were severe.  There was only one mention of anemia by Claimant at the hearing, and she said it was a complication of her eating

6

disorder with its effect on her being fatigue. (Tr. 57.) As to her claim of angina, the record again fails to evidence a severe impairment that would significantly affect Claimant's ability to do work. However, even if it were found that the ALJ erred in failing to find her angina to be severe, the error is harmless.

"The finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir.1987); *see also Heatly v. Comm'r of Social Sec.*, 382 F. App'x. 823 (11th Cir.2010) (panel decision). At step two, the ALJ found Claimant's major depressive order, anxiety disorder, eating disorder, and borderline personality disorder to be severe. (Tr. 24.) The ALJ then proceeded through the sequential analysis and discussed each of Claimant's alleged impairments and their effect on her ability to work. (Tr. 24-30.) As such, even if Claimant's angina should have been deemed a severe impairment, reversible error would have occurred only if the ALJ failed in subsequent steps to discuss the functional limitations resulting from the impairment. *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011). Accordingly, it is found that the ALJ applied the appropriate legal standard, and his decision is supported by substantial evidence.

## II.   Whether the ALJ erred in failing to comply with SSR 96-7p by ignoring witness statements.

Claimant next argues that the ALJ committed reversible error where he mentioned the written statements provided by Claimant's children, but failed to mention the

testimony of Claimant's daughter who testified on her mother's behalf at the hearing. (Cl.'s Br. 5.)  Claimant contends that the ALJ must take into account the subjective testimony of both the Claimant and any lay witnesses and specifically state his reasons for discrediting that testimony.  (*Id.*)

It is generally required that an ALJ "state specifically the weight accorded each item of evidence and the reasons for his decision."  *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986).  Where the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, no error is found as long as the credibility determination made by the ALJ "was implicit in the rejection of the claimant's testimony."  *Foreman v. Astrue*, 2010 WL 3292810, *6 (M.D.Fla. 2010); *Osborn v. Barnhart*, 194 Fed. App'x 654, 666 (11th Cir.2006) ( citing *Tieniber v. Heckler*, 720 F.2d 1251, 1254–55 (11th Cir.1983)).

In this case, in evaluating Claimant's credibility, the ALJ stated that "based upon all of the evidence … and given the fact that the claimant does not appear to be entirely credible regarding her said mental limitations, I find there is simply no objective evidence of record to support the claimant's allegations of disability." (Tr. 30.)  It is clear that in making his specific finding as to Claimant's credibility, the ALJ implicitly rejected the testimony of Claimant's daughter.  Because the ALJ was not required to articulate his reasons for discrediting Claimant's daughter's testimony where he discredited the testimony of the Claimant herself, no error is found.

### III. Whether the ALJ erred in failing to properly evaluate the opinions of Claimant's treating physicians.

Lastly, Claimant contends that the ALJ erred in failing to properly evaluate the opinions of her treating physicians. (Cl.'s Br. 6.) Specifically, Claimant contends that the ALJ erred in relying on the opinions of Dr. Grace and finding that opinions from her other physicians were unsupported by the medical evidence. (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d). The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

As the Commissioner correctly noted in his brief, Claimant does not actually challenge the opinions of Dr. Grace, who treated Claimant for her eating disorder and mental impairments (Tr. 858), but appears to contend that the ALJ should have given more weight to the opinions from her other treating physicians. (Comm'r's Br. 8; ECF No. 13.) Claimant states that the record contains more treatment notes from a Dr. Jarrett, Laurelwood Hospital, Summitridge Center, and the Ridgeview Institute, and argues those records "provide limitations that would prohibit gainful employment." (Cl.'s Br. 7.) These records, however, do not contain medical opinions and solely consist of treatment notes and examination results. (Tr. 299-328, 579-611, 1125-38, 1513-24.) Dr. Jarrett did provide an opinion that Claimant was disabled, but that opinion is one that is reserved for the Commissioner because it is an administrative finding that is dispositive of the case,[2] and the ALJ found it not to be supported by the preponderance of the evidence, including Dr. Jarrett's own treatment notes.[3]

Therefore, it is found that the ALJ appropriately afforded weight to the opinions of the medical providers. The ALJ's decision reflects the evidence as provided in this case. Thus, no error is found with the ALJ's decision to credit the opinions of Dr. Grace, and substantial evidence supports that decision.

---

[2] 20 C.F.R. § 404.1527(e); see also SSR 96-5p.

[3] Specifically, Dr. Jarrett found that Plaintiff was oriented, her mood was depressed, her affect was anxious, her intellectual functioning was above average, her thought content was logical, she had no problems with attention, concentration, or memory, her judgment and insight were sound, and her impulse control was adequate (Tr. 326- 27). Similarly, Dr. Allen at Summit Ridge found that Plaintiff was oriented, she was not suicidal, she was able to care for herself, her intelligence, speech, affect, and thought content were all normal, her insight was poor, and her mood was euthymic (Tr. 597).

10

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 18th day of July, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE